UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IVAN F. R., | Case No. 26-cv-1463 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County*, | |
| Respondents. | |

Evan J. Mulholland, **Minnesota Center for Environmental Advocacy, St. Paul, MN**, for Petitioner.

Anthony Barrows, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Ivan F. R. is a resident of Rochester, Minnesota, and a native of Mexico who has lived in the United States since May 2022. ECF No. 1 ¶ 13. He entered the United States without inspection, but he has never been placed in removal proceedings and is not subject to a final order of removal. *See id.* ¶ 14. He was arrested by immigration authorities on or about February 16, 2026, and remains in the custody of United States Immigration and Customs Enforcement at the Sherburne County Jail in Elk River, Minnesota. *Id.* ¶¶ 7, 16. Ivan F. R. asserts that Respondents (the "Government") have detained him

pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). *See id.* ¶ 30. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), *id.*, and that the Government has not presented a warrant that justifies his arrest or detention, *see id.* ¶ 23. He filed a petition for a writ of habeas corpus challenging the lawfulness of his detention and requests either his immediate release from custody or an order requiring the Government to conduct a bond hearing. *See id.* at 16–17.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Ivan F. R. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Ivan F. R.'s petition by February 20, 2026, "certifying the true cause and proper duration of Ivan F. R.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 3 at 2–3.

The Government timely responded and concedes that Ivan F. R.'s petition "presents legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 4 at 1.  Nevertheless, the Government "assert[s] all arguments raised by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)]" and requests to "preserve those arguments for any appeal in this case." *Id.* at 2.

Because nothing distinguishes Ivan F. R.'s case from those the Court has previously decided, as Petitioner identifies, ECF No. 5 at 2, and because the Government has not presented a warrant that would justify Ivan F. R.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Ivan F. R. is entitled to immediate release from custody.  The Court therefore grants Ivan F. R.'s petition as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Ivan F. R.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Ivan F. R. from custody, without conditions and with all personal property, by no later than **5:00 p.m. on Saturday, February 21, 2026**;

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than **5:00 p.m. on Monday, February 23, 2026**; and

4. If the Government seeks to impose conditions of release on Ivan F. R. or to retain Ivan F. R.'s property, the Government's status report must include: (a) the conditions imposed or the property retained; and (b) the legal basis on which the conditions are imposed or the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 20, 2026                     *s/Laura M. Provinzino*
                                             Laura M. Provinzino
                                             United States District Judge